Thomas F. Kennedy & al. vs. Salmon Niles.

One of several plaintiffs on the record, although having no interest in the suit, and being willing to testify, is not a competent witness for the defendant.

This was an action of *assumpsit,* for money had and received, brought in the names of *Thomas F. Kennedy, Thomas D. Scudder* and *Calvin W. Kennedy,* and for the benefit, as it was proved, of *Josiah Scudder.* In support of the action the plaintiffs produced a note of hand dated *January* 18, 1834, for 590 dollars, on demand,

with interest, payable to *Thomas F. Kennedy & Co.* and purporting to have been signed by " *Chesley, Niles* and *Kennedy,*" but the signature was placed there by the defendant only, after the dissolution of the latter firm, of which he had been a member. It appeared, that *Josiah Scudder*, having a demand against *Thomas F. Kennedy* and *Thomas D. Scudder*, called upon them for payment, upon which they turned out to him the note before described, and wrote a guaranty thereon, dated *May* 3, 1834, which they signed; which arrangement was made in the presence and with the knowledge of *C. W. Kennedy*, who made no objection. Soon after the note was assigned to *Josiah Scudder*, notice thereof was given to the defendant, who promised to pay the note, and at the same time admitted and declared, that all the plaintiffs in this action composed the firm of *Thomas F. Kennedy & Co.* To prove that *T. D. Scudder* was not one of that firm, the defendant's counsel proposed to call as a witness, *T. F. Kennedy*, one of the plaintiffs, he being willing to be thus examined. He was objected to by the plaintiffs, and *Weston C. J.*, presiding at the trial, refused to admit him. The counsel for the plaintiffs then proposed to put questions touching the same point to the same plaintiff, and an objection being made, he was not permitted by the Court. The verdict was for the plaintiffs and was to be set aside, if the testimony offered ought to have been received, or the questions proposed to be put ought to have been permitted to have been put, and answered.

*W. P. Fessenden*, for the defendant, said, that the question intended to be raised in this case was; whether a nominal plaintiff, having no interest in the question, and willing to testify, can be a competent witness for the defendant.

A party in interest, it is admitted, cannot be forced to testify, but his confessions may be given in evidence. The confessions of a partner, even after the dissolution, if his interest continue, may be given in evidence to affect the rights of his copartners, but not if his interest has ceased. *Parker* v. *Merrill*, 6 *Greenl.* 41. We could not therefore give the confessions in evidence, as they were made after the interest of the proposed witness had ceased. No objection can be made on the ground of interest. If the witness is to be excluded, it must be solely because he is a nominal party. There are cases, where a party has been permitted to testify, even

in his own favor, from the necessity of the case. *Herman* v. *Drink-water*, 1 *Greenl.* 27 ; 3 *Stark. on Ev.* 1060, and note. So where one defendant has been defaulted, he may be a witness for the other. *Wara* v. *Haydon*, 2 *Esp. R.* 552. Where a witness for the plaintiff married a defendant before the trial, and was willing to testify, she was admitted. *Pedley* v. *Wellesley*, 3 *Carr. & P.* 558. The case, *Norden* v. *Williamson*, 1 *Taunt.* 378, is directly in point, and conclusive. In *Massachusetts*, recently, the question came directly before the Court, and an intimation was given, that a party with his assent might in some cases be a witness, but the decision was made on other grounds. Were it not for the technical rule, that the action must be brought in the name of the payee, when the interest has been assigned, instead of the party in interest, the witness would be wholly unobjectionable ; and such rules should not be permitted to exclude the merits of the case.

*T. P. Chandler*, for the plaintiffs, remarked, that the rule, that a party to the record cannot be admitted to testify, was one of the oldest and best settled rules of evidence. The cases of departure from it in *Massachusetts* and *Maine*, are only those arising out of actual necessity. Here is no necessity, for if true, the fact might be proved by other evidence.

*Kennedy* could not be a witness for two reasons. 1*st.* He is a party to the record. 2*d.* The note had been assigned by him. *Gilmore* v. *Bowden*, decided in this County and not yet reported (3 *Fairf.* 412) ; *Hacket* v. *Martin*, 8 *Greenl.* 77 ; *Matthews* v. *Houghton*, 1 *Fairf.* 420.

The declaration of the defendant at the time of the assignment, that the three plaintiffs composed the firm of *T. F. Kennedy & Co.*, he is not at liberty to contradict. It is an *estoppel in pais.* 5 *Mass. R.* 97 ; 10 *Pick.* 275 ; 4 *Mum.* 124 ; 7 *Serg. & R.* 467 ; 14 *Johns.* 446 ; 4 *Dallas*, 436 ; 9 *Price*, 269 ; 3 *Pick.* 38 ; 1 *Stark. Ev.* 305 ; 2 *Stark. Ev.* 31 ; 9 *Cowen*, 274.

After a continuance, the opinion of the Court was drawn up by

WESTON C. J. — The claim, set up by the defendant at the trial, to be permitted to put questions to *Kennedy*, one of the plaintiffs, when not under oath, whether or not *Thomas D. Scudder*, another of the plaintiffs, was of the firm of *Thomas F. Kennedy*

& Co., has been abandoned in the argument. But it is still insisted that *Kennedy*, though a party, if willing, might have been examined by the defendant as a witness. The question, whether a party could be thus examined, was discussed and decided in this Court, in the case of *Gilmore* v. *Bowden et al.*, 3 *Fairfield*, 412. We adhere to the opinion there expressed, that such party is inadmissible ; and we refer to that case, without repeating the reasons, or citing the authorities, upon which our judgment was founded.

*Judgment on the verdict.*